UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOWELL EDWARD JACKSON,

                Petitioner,

    v.

DONALD R. HOLBROOK ,

                Respondent.

CASE NO.  3:19-cv-06055-RAJ-BAT

**REPORT AND RECOMMENDATION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in Clark County Superior Case No. 17-1-0022-4 for assault in the second degree while armed with a deadly weapon. Dkt. 5. Petitioner contends Washington State violated Article III of the Interstate Act on Detainers (IAD) by failing to bring him to trial within the time frame set by the IAD despite a request he sent on September 10, 2017 for a speedy trial, and also by failing to grant his motion to dismiss the charges. *Id.* at 5. As relief, petitioner asks the Court to "dismiss charges release petitioner for violation article III (IAD) 180-day fast and speedy trial." *Id.* at 15. Petitioner also moves for an evidentiary hearing. Dkt. 13.

Respondent argues the Court should deny the habeas petition and dismiss the matter because petitioner (1) pled guilty to the crimes that he now seeks to be dismissed and thus is barred from raising the claims he presents; (2) Washington State did not violate the IAD because

REPORT AND RECOMMENDATION - 1

petitioner refused to sign Washington States IAD paperwork thereby declining to exercise his right to disposition of the Washington criminal charges under the IAD; and (3) petitioner's claim the IAD was violated is allegation of a violation of state law, not the United States Constitution, and is therefore not a basis for federal habeas relief.

The Court need go no further than respondent's first argument because it is dispositive. There is no dispute petitioner pled guilty. His habeas petition so avers, Dkt. 5 at 1, and the state court record contains his Statement of Defendant on Plea of Guilty to the crime at issue in this case: Assault in the Second Degree while armed with a deadly weapon. Dkt. 10 Ex. 13 p. Petitioner's statement on plea of guilty also establishes petitioner was represented by counsel when he pled guilty, *id.* at 92, to the reduced charge. Petitioner's criminal defense counsel obtained a plea bargain in which the charges of Attempted Murder in the First Degree, Assault in the First Degree, Unlawful Possession of a Firearm in the First Degree, Unlawful Possession of a Firearm in the Second Degree, Attempting to Elude a Pursuing Police Vehicle, Possession of a Controlled Substance, and Assault in the Fourth Degree, Domestic Violence *id.* at 29-31 were reduced to a single count of Assault in the Second Degree while armed with a deadly weapon. *Id.* at 80 (second amended information).

The law has long recognized an unconditional guilty plea precludes a habeas petitioner from challenging alleged constitutional violations that occurred before the petitioner pled guilty. *See e.g. Haring v. Prosise*, 462 U.S. 306, 319–20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 266, 267 (1973); *Hudson v. Moran*, 760 F.2d 1027, 1030 (9th Cir. 1985) ("one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations.").

The record shows petitioner pled guilty while represented by counsel; that he pled guilty

REPORT AND RECOMMENDATION - 2

to significantly reduced charges; and that the plea of guilt was entered unconditionally because his plea was entered without the condition or reservation that he could challenge the timeliness of his extradition proceedings on appeal or through a collateral challenge such as this habeas action.

Because petitioner's plea of guilt bars federal habeas review, the Court recommends the habeas petition be denied and the case be dismissed with prejudice. This is a dispositive issue and the Court therefore need not address the other arguments respondent raises in support of his contention the case should be dismissed. This is also an issue that does not require an evidentiary hearing and the Court thus recommends denial of petitioner's motion for such a hearing.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree the habeas petition should be dismissed because petitioner while represented by defense counsel, entered into an unconditional plea of guilt to a greatly reduced criminal offense without reservation of the right to challenge the IAD claim that he now presents on collateral review in this federal

REPORT AND RECOMMENDATION - 3

habeas corpus action. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **NOVEMBER 19, 2020.** The Clerk should note the matter for **NOVEMBER 20, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 5th day of November , 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4